# FILED
## UNDER
## SEAL

Prob12C
D/NV Form
Rev. June 2014

# United States District Court
for
the District of Nevada

## PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Tawana Lolita Wells**

Case Number:  **2:03CR00059**

Name of Sentencing Judicial Officer: **Honorable Larry R. Hicks**

Date of Original Sentence: **September 13, 2004**

Original Offense: **Possession with Intent to Distribute a Controlled Substance**

Original Sentence: **120 months imprisonment, followed by 60 months supervised release**

Date of Prior Revocation: **September 24, 2015**

Revocation Sentence: **Time served, with 12 months of supervised release**

Date Supervision Commenced: **September 24, 2015**

## PETITIONING THE COURT

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Shall Not Commit Crime** - **The defendant shall not commit another federal state or local crime.**

   On December 5, 2015, Wells committed the offense of Prohibited Person Possession of a Firearm (NRS 202.360).

   On the above referenced date, Las Vegas Metropolitan Police Department (LVMPD) officers contacted Wells in reference to a shooting investigation. Wells admitted to

    LVMPD officers to being in possession of Glock 9mm. The firearm was recovered and is now in evidence with LVMPD. A request for prosecution has been submitted to the Clark County District Attorney's Office.

2. **Weapons Restriction** - **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

   As noted in allegation #1, on December 5, 2015, Wells admitted to officers with the Las Vegas Metropolitan Police Department to being in possession of a firearm.

3. **Substance Abuse Treatment** - **You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.**

   Wells failed to attend treatment on November 19, 2015, and on November 25, 2015.

4. **Mental Health Treatment** - **You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.**

   Wells failed to attend treatment on November 19, 2015, and on November 25, 2015.

5. **Refrain From Unlawful Use of Controlled Substance** - **The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.**

   Wells failed to attend drug testing on October 27, 2015, November 28, 2015, and December 10, 2015.

RE: Tawana Lolita Wells

Prob12C
D/NV Form
Rev. June 2014

6. **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.**

   On October 5, 2015, Wells tested positive for opiates, specifically codeine and morphine. Wells admitted to taking her aunt's Tylenol 3 prescription due to issues with pain.

7. <u>Be Truthful</u> - **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**

   On December 5, 2015, Wells received instruction while at the Clark County Detention Center to report into the probation office on December 7, 2015, at 8:00 a.m. Wells never reported into the probation office as instructed.

   On December 8, 2015, a home contact was attempted with Wells. Officers were unable to make contact with Wells and left a business card on the door instructing Wells to contact the undersigned officer immediately. As of this writing, Wells has not contacted the undersigned officer and her current whereabouts are unknown.

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **December 10, 2015**

Amberleigh K. Valdez
2015.12.11
09:33:08 -08'00'

Amberleigh Valdez
United States Probation Officer

RE: **Tawana Lolita Wells**

Prob12C
D/NV Form
Rev. June 2014

Approved:

Todd J. Fredlund
2015.12.11 09:27:42
-08'00'

Todd J. Fredlund
Supervisory United States Probation Officer

## THE COURT ORDERS

☐     No Action.

XXX     The issuance of a warrant.

☐     The issuance of a summons.

☐     Other:

Signature of Judicial Officer

December 14, 2015
Date

RE: Tawana Lolita Wells

Prob12C
D/NV Form
Rev. June 2014

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. TAWANA LOLITA WELLS, 2:03CR00059

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
### December 10, 2015

By way of case history, Wells appeared before Your Honor for revocation proceedings on September 24, 2015. Wells was sentenced to time served followed by 12 months of supervised release. Wells was immediately released from custody and placed into drug testing, mental health treatment, and substance abuse treatment.

On October 5, 2015, Wells tested positive for Codeine and Morphine. Wells called the undersigned immediately after testing positive and advised that she had taken a prescription pain medication (Tylenol 3) that was prescribed to her aunt. Wells stated she was in severe pain due to a cyst on her ovaries. Wells was educated on the dangers of taking prescription medication that is not in her name and was verbally admonished for the positive test.

On October 27, 2015, Wells failed to report for drug testing. On October 28, 2015, the undersigned called Wells to inquire about the missed test. Wells advised that she had been ill with shingles on her eye and had forgotten to call in for testing. Wells reported to the office that day and was in noticeable pain from the shingles outbreak on her eyelid. Wells submitted to a test which was negative for all illicit substances.

Wells then began to rapidly decline. She missed two treatment appointments and another drug test. Wells was called into the office On December 2, 2015, to submit for a drug test. Wells arrived with a contemptuous attitude and was argumentative with the probation officer. Wells stated that probation was simply harassing her and preventing her from having a normal life.

Just three days after Wells presented in the probation office with a poor attitude she was arrested by the Las Vegas Metropolitan Police Department for possessing a firearm. Wells was ultimately released from the Clark County Detention Center and instructed to report to the probation office on December 7, 2015, at 8 a.m. Wells never reported as instructed. Attempts were made to contact Wells via telephone and at her residence. All attempts were unsuccessful. The whereabouts of Wells are unknown. Wells has been placed in absconder status for a second time. Her conduct and her insolent attitude make it clear that Wells has no desire or intention to comply with the conditions of the Court or the instructions of the probation officer. For these reasons, a warrant is respectfully requested. It is further requested that Wells remain detained pending her final revocation proceedings.

RE: Tawana Lolita Wells

Prob12C
D/NV Form
Rev. June 2014

Respectfully submitted,

Amberleigh K. Valdez
2015.12.11 09:33:27
-08'00'

_____
Amberleigh Valdez
United States Probation Officer

Approved:

Todd J. Fredlund
2015.12.11
09:27:55 -08'00'
_____
Todd J. Fredlund
Supervisory United States Probation Officer

AO 245D (Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT
### District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| | ) | (for **Revocation** of Probation or Supervised Release) |
| v. | ) | |
| | ) | Case Number:  2:03-CR-59-LRH-RJJ-2 |
| TAWANA WELLS | ) | |
| | ) | USM Number:  37644-048 |
| | ) | |
| | ) | Brenda Weksler, AFPD |
| | | Defendant's Attorney |

**THE DEFENDANT:**

(X) admitted guilty to violation of condition(s) paragraphs 1, 2, 3, 4, and 5 of the Petition [#152] filed 4/10/15 of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Paragraph 1 | Refrain from use of controlled substances | 4/8/15 |
| Paragraph 2 | Shall not leave the district | 2/27/15 |
| Paragraph 3 | Submit a monthly report | 3/2015 |
| Paragraph 4 | Be truthful | 4/6/15 |
| Paragraph 5 | Report change of residence/employment | 4/7/15 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 3023

9/24/15
Date of Imposition of Judgment

Defendant's Year of Birth: 1982

Signature of Judge

City and State of Defendant's Residence:
Incarcerated

LARRY R. HICKS, U.S. DISTRICT JUDGE
Name and Title of Judge

9/24/15
Date

FILED _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 2 4 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

AO 245D  (Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 2 - Imprisonment

Judgment - Page __2__ of __4__

DEFENDANT:     TAWANA WELLS
CASE NUMBER:   2:03-CR-59-LRH-RJJ

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **TIME SERVED.**

☐ The court makes the following recommendations to the Bureau of Prisons:

(X) The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____

_____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

DEPUTY UNTIED STATES MARSHAL

AO 245D (Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 3 - Supervised Release

Judgment - Page __3__ of __4__

DEFENDANT: TAWANA WELLS
CASE NUMBER: 2:03-CR-59-LRH-RJJ

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **ONE (1) YEAR. SHOULD THE DEFENDANT BE IN COMPLETE COMPLIANCE FOR THE FIRST SIX (6) MONTHS THE COURT WILL CONSIDER UPON APPLICATION TERMINATING THE REMAINING 6 MONTHS OF SUPERVISED RELEASE.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

(X) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

(X) The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D  (Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 3C - Supervised Release

Judgment - Page __4__ of __4__

DEFENDANT: TAWANA WELLS
CASE NUMBER: 2:03-CR-59-LRH-RJJ

## SPECIAL CONDITIONS OF SUPERVISION

1. <u>Possession of Weapon</u> - You shall not possess, have under her control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

2. <u>Warrantless Search</u> - You shall submit to the search of her person, and any property, residence, or automobile under his/her control by the probation office, or any other authorized person under the immediate and personal supervision of the probation office without a search warrant to ensure compliance with all conditions of release.

3. <u>Substance Abuse Treatment</u> - You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor and other forms of intoxicants while participating in substance abuse treatment. Further, the defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office, based upon his/her ability to pay.

4. <u>Mental Health Treatment</u> - You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and outpatient counseling as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor and other forms of intoxicants while participating in mental health treatment. Further, the defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office, based upon his/her ability to pay.

5. <u>Report to Probation Office After Release from Custody</u> - You shall report in person to the probation office in the District to which the defendant is released within 72 hours of release from custody.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____    _____
Defendant's signature             Date

_____    _____
Signature of the U.S. Probation Officer/Designated Witness    Date